John HOWARD, Petitioner–Appellant,

v.

Hans G. WALKER, Superintendent of the Auburn Correctional Facility, Respondent–Appellee.

No. 01–2471.

United States Court of Appeals, Second Circuit.

March 18, 2003.

Randa D. Maher, Great Neck, New York, for Petitioner.

Loretta S. Courtney, Assistant District Attorney, Monroe County District Attorney's Office, Rochester, New York (Howard R. Relin, District Attorney, Monroe County, on the brief), for Respondent.

Present: DENNIS JACOBS, ROSEMARY S. POOLER, Circuit Judges, and JANET C. HALL, District Judge.[1]

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 18th day of March, two thousand and three.

John Howard ("petitioner") appeals from a judgment entered by the United States District Court for the Western District of New York (Jonathan W. Feldman, *Magistrate Judge*) denying his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Upon due consideration, it is ordered that the matter is remanded to the district court for supplementation of the record pursuant to the procedures described in *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994). Within 120 days of this order, the district court must make any findings of fact and conclusions of law necessary to enter judgment on the following issue: Did the state trial court deprive petitioner of the opportunity to present a meaningful defense, in violation of his right to due process under the Fourteenth Amendment and his right to compulsory process under the Sixth Amendment, by ruling that the substance of Eric Williams' statement—otherwise inadmissible under *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968)—could be disclosed if petitioner's counsel cross-examined the prosecution's expert witness on the basis of her opinion or called his own expert witness?

The mandate shall issue forthwith and shall state that the parties are to inform the Clerk of this Court when the district court has issued its supplementation of the record in accordance with this order. Following such notification, jurisdiction of the appeal will be automatically restored to this Court, and the Clerk will reassign the appeal to this panel, without the need for either party to file a new notice of appeal. After jurisdiction is restored, the Clerk shall set an expedited briefing schedule, and the parties may, if they wish, submit supplemental letter briefs not to exceed twenty double-spaced pages confined to the issues addressed by the district court on remand.

1. The Honorable Janet C. Hall, United States District Judge for the District of Connecticut, sitting by designation.